In the Matter of the Claim of THEODORE GALLAGHER, Respondent, against MUNDETT CORK Co. et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of compensation. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Heffernan and Foster, JJ., concur; Brewster and Lawrence, JJ., dissent, in the following memorandum: The State Industrial Board's reversal of the referee's decision in disallowing the claim, and its decision validating the claim and making an award of workmen's compensation were based either wholly upon a presumption that the asserted accident occurred and that the alleged injuries and disability it allegedly produced were compensable under the statute, or upon such presumption and evidence which was incompetent and insufficient in law to constitute any prima facie case to which the statutory presumption (Workmen's Compensation Law, § 21) could apply. The mere fact of injury, sustained while at work, such as is here shown, wholly unexplained and unillustrated by some competent evidence of causation by an accident arising out of and in the course of employment is insufficient to the establishment of the claim to compensation, even though the situation in employment is such that the accident here relied upon may be said to have been easily possible or even likely to have occurred. It appears from the record that the decisions and award were based wholly upon the statutory presumption as a support for the finding of the occurrence of the accident relied upon, and that thus the evidence which was received as tending to show it was not adjudged. The decisions appealed from should be reversed on the law and the matter remitted to the Industrial Board for its further consideration and decision on the facts as supported by the evidence, without costs.

In the Matter of the Claim of ARCHIBALD DEWHURST, Respondent, against ABRAHAM SIMON, Respondent, and FLUSHING CRESTWOOD, INC., et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of compensation made to claimant for 33⅓% permanent loss of use of his left leg. When claimant was injured he was working as a glazier on a house in a real estate development operated by the appellant Flushing Crestwood, Inc. It is asserted by this appellant, and also by the appellant insurance carrier, that claimant was not its employee but the employee of one Simon, who is said to have been an independent contractor. This assertion is founded on the claim that Flushing Crestwood, Inc., was not engaged in the general contracting business, and in its building operations merely gave contracts for the performance of work by others. The Industrial Board found as a fact, to the contrary, that the appellant was the general contractor and generally supervised its various contractors, including the subcontractor Simon. There was evidence to support this finding. The Board also found that the operations of this appellant as a general contractor exercising supervision over its subcontractors came within the terms of the carrier's policy. The circumstances revealed supported this determination and interpretation of the policy. Award affirmed, with costs to the State Industrial Board. All concur. [See *post,* p. 870.]